Mr. Justice Olin
delivered the opinion of the court:
This action under the common-law rules of pleading would have been either an action of debt or covenant, the contract executed by the parties being under seal.
The defendant is alleged to be a corporation formed under the laws of Maryland, and doing business in this District. Several parties designated as parties of the first part enter into an agreement with the defendant, by which certain personal property was sold and delivered to the defendant, in respect to some of which the plaintiff, Fowler, had no interest at all, and as to some other property agreed to be sold, Fowler, the plaintiff, had an interest as part owner. It was one of the conditions of the transfer of this property that the plaintiff, Fowler, should be employed as superintendent of the defendant’s company for one year, at a salary of *12,500 per year, payable monthly.
Several exceptions were taken to the rulings or decisions of the justice presiding at the circuit court, which it is unnecessary to discuss at length.
First. That the contract was an entirety, and could not be sued on until the expiration of one year from its inception. The contract was undoubtedly entire for one year’s service at $2,500 for the year, but it was agreed that the salary should be paid in monthly installments; that is, at the end of each month’s service as superintendent, he should be paid one-twelfth of $2,500, and we have no doubt whatever that, at the end of a month’s service as superintendent of the defendant’s company, he might maintain an action against the *17 company for his mouth’s wages, on neglect or refusal of the company to pay the same.
Second. It is objected that the suit cannot be maintained, for the reason that all the parties named in the agreement under seal in the ease were not made parties plaintiffs or defendants.
The only controversy being in respect to Fowler’s wages as superintendent, it is difficult to perceive how any of the parties to this agreement had any interest in the question litigated except Fowler and the defendant. The covenant with him on the part of the company was to pay him a salary as superintendent. Whether that salary was paid or not was a question that affected Fowler alone; in other words, this covenant with Fowler was wholly independent of the covenants and agreements with the other parties named in the said sealed instrument. The only question, however, arising in the case which we deem it important to consider, grows out of the following exception, namely, “that if the jury believe from the evidence that the plaintiff on the first day of April, 1870, entered the service of defendant as superintendent for the period of one year for a salary of $2,500 per annum, under and by virtue of a contract in writing and under seal, and that on the first day of November, 1.870, he absented himself from said service without the leave of the defendant, notwithstanding his subsequent return on the twelfth day of November, 1870, and alleged offer of service, they will find for the defendant, which opinion and direction the court refused to give to the jury, but was of opinion, and so directed the jury, that they were to determine from all the circumstances of the case whether the plaintiff by reason of his having so aforesaid absented himself without leave from the defendant for the period of twelve days, to wit, from the first day of November, 1870, had been guilty of a breach of his said contract with the defendant, and justified their refusal to retain him longer in their service.”
To this ruling and decision of the judge an exception was taken. This exception presents the question whether, if the facts mentioned in it be found by the jury to be proven, there was a breach of the contract on the part of Fowler, the plaintiff. Of this we think there can be no doubt. The justice *18 refused to charge as requested, but directed the jury that they were to determine from all the circumstances of the case whether the plaintiff, by reason of his having absented himself without leave from the defendant’s service for the period of twelve days, had been guilty of a breach of his contract. We have carefully looked over the record in the case, to discover what were the other circumstances which would modify the rule of law asked to be applied to the facts stated in this exception. We think the learned justice had in his mind two facts which the evidence tended to prove; first, that the plaintiff left the defendant’s employment by reason of the mortal sickness of his child; second, that, before leaving, he went to the office of the company, but found no one there to whom to make known his wish or purpose to leave. These two latter facts seem to have been undisputed on the trial, as I believe were also the material facts which are quoted in the exception. Now, if the justice who presided at the trial believed, as he seems to have done, that to leave the company’s employment on account of the sickness of his child, was no breach of his contract for service, especially if he went to the defendant’s office for the purpose of asking leave of absence, but found no one there with whom to communicate, he ought to have so instructed the jury. Instead of this, while all the facts are undisputed, the whole question is referred to the jury to say whether there was or was not a breach of contract on the part of the plaintiff. The office of the jury is to find the facts, and it is the duty of the court to apply the rule of law applicable to facts so found, and where the material facts of a case are undisputed or agreed upon, it is precisely the same as a special verdict in which the jury find the facts of a case and ask the court to apply the rules of law applicable to such facts.
It seems to me that, upon the undisputed facts of this case, there was a clear violation of the contract on the part of the plaintiff, on the 1st of November, 1870, and that consequently he could not receive compensation for the months of November and December.
A new trial must be granted.